UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENA SINGLETON and JADARRIUS D. BUCHANANA, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 3:19-CV-0330-B |
| LIBERTY COUNTY MUTUAL INSURANCE COMPANY and SAMUEL D. GROSHANS, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 7). For the following reasons, the Court **DENIES** the motion, and **DISMISSES** all claims asserted against Defendant Samuel D. Groshans.

### I.

### BACKGROUND

On February 8, 2019, Defendant Liberty County Mutual Insurance Company removed this case, invoking this Court's diversity jurisdiction, and arguing that Samuel D. Groshans, a Texas resident, was improperly joined to defeat diversity. Doc. 1, Notice of Removal, ¶ 14; *Id.*, Ex. A-1 (Pl.'s Pet.), ¶¶ 2, 3. After reviewing the pleadings, the Court noticed deficiencies in Liberty's description of the parties' citizenships, and ordered Liberty to amend its notice of removal so that the Court could be assured of its subject matter jurisdiction. Doc. 5, Order, 1–2. At the same time, the Court granted Plaintiffs additional time to move to remand the case, but specifically stated that any

motion to remand must also address Liberty's improper-joinder argument, or the Court would treat it as waived. Doc. 5, Order, 2–3 ("If Plaintiffs do not timely file a motion to remand and challenge the improper joinder argument, the Court will consider Plaintiffs to concede the point, Groshans will be dismissed, and the case will proceed toward a Scheduling Order.").

Liberty has since cured the defects in alleging the citizenship of the parties. *See* Doc. 6. Plaintiffs filed their motion to remand (Doc. 7) on April 22, 2019. They made no mention of the improper-joinder argument, and instead argue that diversity jurisdiction does not exist because they will amend their complaint to be below the amount-in-controversy threshold. *See generally*, Doc. 7, Mot. Liberty responded on April 29, 2019. Doc. 8. And as the time for filing a reply brief has now passed, the Court now considers this motion.

## II.

## ANALYSIS

As an initial matter, the Court notes that by not addressing the improper-joinder argument Liberty makes against Groshans, Plaintiffs concede that he is not a proper party to this case and should be dismissed. Thus, this case involves completely diverse parties—Plaintiffs are from Texas, and Liberty is a citizen of Massachusetts. Doc. 6, Am. Notice of Removal, ¶¶ 8–9.

As for the amount in controversy requirement, although post-removal events that reduce the amount in controversy can divest the court of diversity jurisdiction in certain circumstances, that is not the case here. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

And it is facially apparent from Plaintiffs' state-court petition, which was operative at the time of removal, that the amount in controversy exceeded $75,000. In that petition, Plaintiffs stated that they seek monetary relief over $200,000 but not more than $1,000,000.[1] Doc. 1, Ex. A-1 (Orig. Pet.), ¶ 62. There is no evidence this was pled in bad faith, given the relief requested: Plaintiffs state that the limits on the policy under which they seek recovery are $30,000.00 per person and $60,000.00 per accident. Doc. 7, Mot., 2. In addition to policy limits, they also seek: treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code; exemplary damages; damages for mental anguish, medical care, lost earnings capacity, physical impairment and disfigurement; pre- and post-judgment interest; reasonable attorney's fees; and costs of court. Doc. 1, Ex. A-1 (Orig. Pet.), ¶¶ 28, 46, 60. Considering the policy limits, request for treble damages, attorney's fees, interest, and the fact that Plaintiffs themselves pled to recover in excess of $ 200,000, the Court finds that Liberty has met its burden to show that the amount in controversy is over $75,000. *See Zapata v. Allstate Indem. Co.*, 2008 WL 11416943, at *4 (W.D. Tex. Apr. 15, 2008) (including these sorts of damages in calculating amount in controversy in a similar case). Plaintiffs' proposed post-removal amendment does not divest the Court of jurisdiction. *See Ford v. United Parcel Serv., Inc.*, 2014 WL 4105965, at *3 (N.D. Tex. Aug. 21, 2014) (rejecting similar attempts by a plaintiff to avoid diversity jurisdiction)).

Thus, the Court finds that it has diversity jurisdiction over these claims, and the Court hereby **DENIES** Plaintiffs' Motion to Remand (Doc. 7) and **DISMISSES** all of Plaintiffs' claims against

---

[1] Liberty purports to cite the original petition as requesting recovery of no more than $100,000. Doc. 6, Am. Notice of Removal, ¶ 11. The Court fails to find such a statement in the petition, and Plaintiffs admit that they indeed requested more. Doc. 7, Mot., ¶ 1.

Defendant Samuel D. Groshans.

**SO ORDERED.**

**DATED: May 15, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE